**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Martha C.G.P.,                                           Civil No. 26-2308 (DWF/JFD)

Petitioner,

v.
                                                         **MEMORANDUM**
Todd Blanche, *Acting Attorney General,*                 **OPINION AND ORDER**
*United States Department of Justice*;
Markwayne Mullin, *Secretary, U.S.*
*Department of Homeland Security*; and
Todd M. Lyons, *Acting Director of*
*Immigration and Customs Enforcement*,

Respondents.

**INTRODUCTION**

This matter is before the Court on Petitioner Martha C.G.P.'s petition for a writ of

habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting

authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 5.) For the reasons

set forth below, the Court grants the Petition and orders Respondents to immediately

release Petitioner.

**BACKGROUND**

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota. (Doc.

No. 1 ¶¶ 2, 26.) Petitioner has lived in the United States for four years, having entered

the United States in 2022 without inspection. (*Id.* ¶¶ 2, 25.) She lives with her three-

year-old son, brother, sister-in-law, and cousin. (*Id.* ¶¶ 2, 26.) Petitioner has no criminal

history. (*Id.* ¶ 27.)

On January 5, 2026, Petitioner was at a gas station when armed and masked U.S. Immigration and Customs Enforcement ("ICE") agents detained her without asking for her documentation. (*Id.* ¶¶ 4, 28.) Petitioner asserts the agents did not produce a warrant. (*Id.*) Respondents entered into the record a warrant that was issued on January 5, 2026, the day Petitioner was detained, based on statements that she made to ICE or other reliable information affirmatively indicating that Petitioner lacks immigration status or is removable. (Doc. No. 6-1.)

Petitioner was brought to the Whipple Federal Building at Fort Snelling in Minnesota. (Doc. No. 1 ¶ 5.) She was transferred to the ERO El Paso detention center in Texas, and later to the Otero County Processing Center in Chaparral, New Mexico. (*Id.* ¶ 5; Doc. No. 6 ¶¶ 7-8.) Respondents' counsel represents that he was advised that Petitioner would be transferred to Minnesota on April 28, 2026. (Doc. No. 5 at 3.) Presently, the ICE Online Detainee Locator System does not indicate a location for Petitioner and instead directs one to "Call ICE For Details." *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited May 13, 2026).

On January 10, 2026, Petitioner was placed in removal proceedings and served a Notice to Appear ("NTA"). (Doc. No 6-2.) The NTA charged Petitioner as inadmissible under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(I) of the Immigration and Nationality Act. (*Id.* at 4.) On February 5, 2026, Petitioner filed a response to the NTA, conceding the charge of removability under the former section but contesting removability under the latter because she denied that she sought admission to the United States. (Doc. No. 6-3

2

at 2.)  On February 20, 2026, an immigration judge denied Petitioner's request for a change in custody status because, in part, she posed a flight risk.  (Doc. No. 6-4.)  On April 9, 2026, Petitioner was served with a hearing notice stating that Petitioner would have a hearing before an immigration judge on May 5, 2026.  (Doc. No. 6-7.)  That hearing was rescheduled for May 14, 2026.  (Doc. Nos. 9, 9-1.)

Petitioner filed the Petition on April 21, 2026.  (Doc. No. 1 at 16.)  Petitioner asserts that her detention is unlawful because it violates the Due Process Clause of the Fifth Amendment and the Fourth Amendment's protection against unlawful seizure.  (*Id.* ¶¶ 31-54.)  Petitioner requests immediate release from detention or a bond hearing.  (*Id.* at 15.)

## DISCUSSION

### I.       Respondents' Motion to Dismiss or Transfer

As an initial matter, Respondents ask the Court to either dismiss or transfer this case for lack of jurisdiction and improper venue.  In support, Respondents assert that because Petitioner was transferred out of Minnesota and was in detention in New Mexico for over two months before the Petition was filed, this Court should dismiss the case or transfer it to the District of New Mexico pursuant to 28 U.S.C. § 1406(a).  (Doc. No. 5 at 3-9.)  Petitioner opposes this request because, among other reasons, the request is moot since Respondents informed Petitioner's counsel that Petitioner would be transferred back to this District.  (Doc. No. 7 at 3.)

Generally, jurisdiction over a habeas petition lies only in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  However, "[w]hen . . . a

3

prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18. Petitioner was detained in New Mexico at the time the Petition was filed. (Doc. No. 1 ¶ 5; Doc. No. 6 ¶ 8.) Respondents, however, represented that they were returning Petitioner on April 28, 2026, and Petitioner's current location is unknown to the Court. Because Petitioner's current location is unknown and because the Court anticipates that the district of confinement either is or will soon be Minnesota, the Court has jurisdiction. The motion to dismiss or transfer is denied.

## II.   Merits of the Petition

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (Doc. No. 5 at 10.) In *Avila*, the Eighth Circuit interpreted § 1225(b)(2)(A) to require detention of any noncitizen present in the United States who has not been admitted, regardless of whether they are arriving at the border or within the interior, if an examining officer determines that the noncitizen seeking admission "is not clearly . . . entitled to be

4

admitted." *See Avila*, 170 F.4th at 1133-35.  Petitioner, however, challenges her detention on constitutional grounds not foreclosed by *Avila*.

As an initial matter, the Court examines Respondents' assertion that Petitioner's detention is mandatory under § 1225(b)(2).  While Respondents invoke § 1225(b)(2) now, they did not arrest Petitioner under that statute.  Instead, Respondents invoked the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant.  (Doc. No. 6-1.)  Specifically, the warrant was directed to:  "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."  (*Id.* at 1.)  Because Respondents represented to Petitioner in this warrant that her arrest was based on § 1226(a), the Court holds Respondents to that representation and considers Petitioner subject to the discretionary detention framework of § 1226.  *See Francisco M.A. v. Blanche*, No. 26-cv-2032, 2026 WL 1229701, at *1 (D. Minn May 5, 2026).

Section 1226(a) states that "[o]n a warrant to be issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."  Thus, to detain a noncitizen under § 1226(a), a warrant is required.  *See Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).  Here, the Form I-200 administrative warrant. was issued on January 5, 2026, the same date as Petitioner's arrest, and presumably in the field or after her arrest because it is based on "statements made voluntarily" by Petitioner

5

or other reliable evidence showing that she lacked immigration status.  (Doc. No. 6-1.)[1]

Further, the Court is persuaded that ICE lacks statutory and regulatory authority to issue

Form I-200 warrants to collaterals in the field without the concurrent or prior issuance of

an NTA.  *See Francisco M.A.*, 2026 WL 1229701, at *2 (citing *Castañon Nava v. Dep't

of Homeland Sec.*, 806 F. Supp. 3d 823, 853-54 (N.D. Ill. 2025)).  A Form I-200

authorizes a noncitizen's arrest if it is issued "[a]t the time of issuance of the [NTA], or at

any time thereafter and up to the time removal proceedings are completed."  8 C.F.R.

§ 236.1(b)(1) (2026).  Thus, Respondents may arrest a noncitizen using a Form I-200

only if the Form I-200 issues at the same time or after the Department of Homeland

Security issues an NTA.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

Here, Respondents did submit an NTA, but the NTA is dated January 10, 2026,

five days *after* Petitioner's arrest.  Because Petitioner was detained pursuant to a Form

I-200 administrative warrant citing authority under § 1226 *before* the issuance of a NTA,

the warrant is not valid.  *See, e.g.*, *Oliver M. v. Bondi*, No. 26-cv-2003, slip op. at 7-8

(D. Minn. Apr. 3, 2026) (finding that ICE lacked authority to arrest the petitioner based

on a Form I-200 warrant that was issued before the NTA).

In addition, to the extent that Petitioner is an "applicant for admission" and subject

to mandatory detention under 8 U.S.C. § 1225(b)(2), *see Avila*, 170 F. 4th at 1338,

federal immigration officials must still comply with 8 U.S.C. § 1357(a)(2).  Under

---

[1]     The name of the officers involved are redacted, so the Court cannot discern
whether the same officer both issued and executed the warrant.

§ 1357, an immigration official may arrest a noncitizen without a warrant "if [the officer] has reason to believe that the [noncitizen] is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added).  Even accepting that there was reason to believe that Petitioner was unlawfully present in the United States, there is nothing in the record suggesting that Petitioner was likely to escape before a valid arrest warrant could be obtained and executed.  "Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen." *Ruben D.A.G. v. Blanche*, No. 26-cv-2041, slip op. at 8 (D. Minn. Apr. 20, 2026); *see also Francisco M.A.*, 2026 WL 1229701, at *3 (explaining that holding that a noncitizen is likely to escape merely because they are removable would collapse § 1357(a)(2)'s two distinct requirements— that an officer reasonably believe that a noncitizen is in the country illegally *and* the noncitizen is likely to escape—into one).[2]

In sum, the Court finds that Petitioner's detention is unlawful.  First, Respondents arrested Petitioner under § 1226, which requires a warrant, and the warrant in this case is invalid.  Second, even if, as Respondents contend, Petitioner was detained under § 1225, Respondents have not made a showing that a warrantless arrest was justified.  The remedy for a warrantless arrest is immediate release.  *Munaf v. Geren*, 553 U.S. 674, 693

---

[2]    The Court understands that ICE has proceeded with Petitioner's immigration process, including a February 20, 2026 bond hearing.  At that hearing, an immigration judge denied Petitioner's request for bond finding that she is a flight risk.  (Doc. No. 6-4.) This finding, however, cannot be used to justify Petitioner's arrest because the finding was not made until *after* Petitioner's arrest.

(2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss or transfer (Doc. No. [5]) is **DENIED**.

2. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

3. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

4. Respondents are **ORDERED** to release Petitioner from custody immediately.

5. Within three (3) days of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

6. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; and

    d. Without any tracking devices or use of a tracking application.

7.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Frances Ivy Mahoney-Mosedale who can be reached at 612-333-8844.

8.      Respondents are **ENJOINED** from re-detaining Petitioner under the same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 13, 2026                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge